UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 23-CR-0313 (PJS/TNL)

          Plaintiff,

v.                                                    ORDER

RAMIRO GUERRA,

          Defendant.

---

Katharine T. Buzicky and Allen A. Slaughter, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Ramiro Guerra, pro se.

Defendant Ramiro Guerra pleaded guilty to possession with the intent to distribute methamphetamine and cocaine. ECF Nos. 1, 25–26. On October 24, 2024, the Court sentenced Guerra to 30 months' imprisonment followed by two years of supervised release. ECF Nos. 41–42. This matter is before the Court on Guerra's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 45. The government opposes the motion. ECF No. 51. For the following reasons, Guerra's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a

reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  As relevant here, the Sentencing Guidelines provide that extraordinary and compelling reasons for early release may exist when a defendant is "experiencing deteriorating physical or mental health because of the aging process" that is "serious," USSG § 1B1.13(b)(2), or that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," USSG § 1B1.13(b)(1)(B)(iii).

Guerra argues that he should be released because he is 69 years old and suffers from various medical conditions.  But Guerra was 69 years old with the same medical conditions when the Court sentenced him to 30 months in prison just 10 months ago.  In fact, Guerra's age was a primary factor in the Court granting Guerra a substantial downward variance from the 57- to 71-month sentence recommended by the Guidelines.  Guerra is essentially asking the Court to "double count" by giving him a second reduction based on the same circumstances that led the Court to reduce his sentence in the first instance.

Moreover, the medical conditions about which Guerra complains are not terribly uncommon or serious for someone his age.  Nothing in Guerra's motion or medical records suggests that he is experiencing serious age-related health deterioration, or that any age-related health deterioration will "substantially diminish[] the ability of the

defendant to provide self-care within the environment of a correctional facility" by the time he is slated to be released from prison on November 12, 2025.[1]  Although prison is undoubtedly more difficult for a 69-year-old with medical conditions, that difficulty was taken into account at sentencing and is not in itself an "extraordinary and compelling reason" justifying compassionate release.

Because Guerra has not provided any "extraordinary and compelling reason" for compassionate release,[2] and because a sentence of less than 30 months would not be sufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a), his motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for compassionate release [ECF No. 45] is DENIED.

---

[1]Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 19, 2025).

[2]Guerra also suggests that there is an "ongoing outbreak of infectious disease" affecting his correctional facility, *see* USSG § 1B1.13(b)(1)(D), because it contains "mold" and "bacteria."  Such generalized assertions—which could apply to every prison (and virtually every building)—do not establish an "outbreak of infectious disease" for purposes of compassionate release.

Dated:  August 19, 2025

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court